IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :
LIABILITY LITIGATION (No. VI)  :   Consolidated Under
                               :   MDL DOCKET NO. 875
MICHAEL LINDEMANN,             :
                               :
     Plaintiff                 :
                               :
        v.                     :   Case No. 07-63080
                               :
OHIO EDISON, ET AL.,           :   Transferred from the Western
                               :   District of Pennsylvania
                               :
     Defendants                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        October 18, 2010


        Before the Court is Defendant Ohio Edison's Motion for

Summary Judgment.  Ohio Edison moved for Summary Judgment on the

ground that they were not the possessor of the land in question,

and therefore cannot be held liable for injuries allegedly caused

by the presence of asbestos on the land.


I.   BACKGROUND

        Plaintiff, Michael J. Lindemann, as executor of the estate

of George W. Lindemann, brought this action for asbestos exposure

against numerous defendants.  George Lindemann was diagnosed with

mesothelioma on February 7, 2005, and passed away on June 28,

2005.  (Def.'s Mot. Summ. J., doc. no. 40, at 2.)  Plaintiff

asserts that Defendant Ohio Edison is liable as owner of the

Bruce Mansfield Power Plant ("Bruce Mansfield"), located in
Shippingport, Pennsylvania, where decedent worked as a union
laborer from 1974-1988. (Id. at 1.) Decedent was employed by
Foster Wheeler as an independent contractor at Bruce Mansfield.
Foster Wheeler had a contract with the Plant for the maintenance
of the "Unit One" boiler, and the job consisted primarily of
clean up, after repairs to the boiler were conducted.
(Deposition of David Freed at 16:10, March 27, 2009)("Freed
Dep.") Plaintiff alleges that in the clean-up process, Mr.
Lindemann was exposed to asbestos dust and fibers. Plaintiff
brought a claim against Ohio Edison as the premises owner of
Bruce Mansfield.


II. LEGAL STANDARD[1]

When evaluating a motion for summary judgment, Federal Rule
of Civil Procedure 56 provides that the Court must grant judgment
in favor of the moving party when "the pleadings, the discovery
and disclosure materials on file, and any affidavits show that
there is no genuine issue as to any material fact . . . ." Fed.

---

[1] In multidistrict litigation, "on matters of procedure, the
transferee court must apply federal law as interpreted by the
court of the district where the transferee court sits." In Re
Asbestos Prods. Liabl. Litig. (No. VI), 673 F. Supp. 2d 358, 362
(E.D. Pa. 2009). On substantive matters, including choice of law
rules, the state law of the transferor district applies. Lou
Levy & Sons Fashions, Inc. v. Romano, 988 F.2d 311, 313 (2d Cir.
1993). As there is no dispute to the application of Pennsylvania
law in this case, this Court will apply Pennsylvania law.

R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id. at 248-49. "In considering the evidence, the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus discharged its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

A.   Defendant's Argument

Defendant argues that it is not a proper party to this action, as it is a mere out-of-possession owner of the Bruce Mansfield Power Plant and, under Pennsylvania law, mere out-of-possession owners are not liable for injuries sustained on the property. (Def.'s Mot. Summ. J. at 6.)  Alternatively, even if it can be shown that Defendant had possession and control of Bruce Mansfield, Plaintiff has failed to prove that Defendant breached its duty to business invitees under Pennsylvania law. (Id. at 9.)  Additionally, Defendant asserts that Plaintiff has produced insufficient evidence to show that Defendant possessed "superior knowledge" or "peculiar risk" that trigger a duty of care for mere landowners. (Id. at 18.)

Furthermore, Defendant disputes that any asbestos was present at Bruce Mansfield.  Defendant also asserts that Plaintiff has produced insufficient evidence of decedent's employment at the plant.  Evidence of decedent's employment history is limited to a single deposition that places the decedent at the plant for 2-3 months in 1975.


B.   Plaintiff's Argument

Plaintiff argues that Ohio Edison is estopped from arguing that it is the wrong party to this action, as this argument was

4

not raised in the answer to Plaintiff's complaint. (Pl.'s Resp.,
doc. no. 41 at 1.) Furthermore, Plaintiff asserts that there is
evidence of asbestos at Bruce Mansfield, by way of affidavits of
Bruce Mansfield employees stating that asbestos was present at
the plant. (Id. at 8.) Plaintiff asserts that Mr. Freed's
testimony regarding decedent's employment at Bruce Mansfield is
sufficient to establish decedent's work history at the plant.

On the issue of premises liability, Plaintiff asserts that
Ohio Edison was in possession and control of Bruce Mansfield, as
a majority owner, and breached its duty of care to decedent, a
business invitee. (Id.) Alternatively, even if Defendant was an
out-of-possession owner, the "special knowledge" and "peculiar
risk" exceptions apply because Defendant was in a superior
position to know of the peculiar risks inherent in asbestos.
(Id. at 11.)

### C. Analysis

#### 1. Decedent's Employment Status and Presence of Asbestos at Bruce Mansfield

When viewing the facts in the light most favorable to
Plaintiff, as the non-moving party, Plaintiff has produced
sufficient evidence to show that there was asbestos present at
Bruce Mansfield. Plaintiff has produced several affidavits of
employees of Bruce Mansfield during the relevant time period that
attest to the presence of asbestos at the plant. See Pl.'s

5

Exhibits I, J, K, L. Additionally, co-worker David Freed testified that he worked with Plaintiff at Bruce Mansfield in 1975. This is sufficient, at this stage, to establish that Plaintiff was employed at the Bruce Mansfield plant, and that asbestos was present at the worksite.

Therefore, the analysis will focus on the central issue of whether Ohio Edison can be held liable as the premises owner of Bruce Mansfield.

### 2. Ohio Edison is Estopped from Arguing that they are the Wrong Party to the Suit

Plaintiff is correct in asserting that Ohio Edison is estopped from arguing that it is the wrong party to the suit. Defendant never answered Plaintiff's complaint, because Defendant was not required to do so under Pennsylvania law. Pennsylvania Rule of Civil Procedure 1041.1(c) provides that, in an asbestos action, the filing of an appearance by a defendant constitutes (1) a denial of all averments of fact in the complaint (2) an allegation of all affirmative defenses and (3) a claim for indemnification and contribution from any other party.

However, this is in direct conflict with Fed. R. Civ. P. 8(b)(1)(B), which requires defendants to "admit or deny the allegations asserted against it by an opposing party." Section (b)(6) of the rule makes clear that an allegation is admitted if "if a responsive pleading is required and the allegation is not

6

denied." Pursuant to the _Erie_ doctrine, when a Federal Rule of
Civil Procedure directly conflicts with a state procedural rule,
federal courts must apply the federal rule. _Erie R.R. v._
_Tompkins_, 304 U.S. 64 (1938); _Gasporini v. Center for_
_Humanities, Inc._, 518 U.S. 415 (1996).

Therefore, once the case was removed, Defendant had an
obligation to file an answer. _See_ Fed. R. Civ. P. 8(b). Because
Defendant did not file an answer, Defendant admitted Plaintiff's
allegation that Ohio Edison is an owner of Bruce Mansfield.[2]
Additionally, Defendant stated in its motion for summary judgment
that at the time of Plaintiff's alleged exposures (1974-1988),
Ohio Edison was a 44.97% majority owner of the plant. Therefore,
Ohio Edison is a correctly named party, and the analysis must
focus on whether they were a "possessor" for purposes of premise
liability during the time of exposure.

> 3. There is Insufficient Evidence to Show that
> Defendant was a Possessor of the Land During the
> Time Frame in Question

Under Pennsylvania Law, mere title to a premises is not a
sufficient basis for subjecting a party to the duties of premises
liability. Instead, there must be possession, meaning

---

[2] The allegation admitted is, "[t]he premises owned and/or
operated by defendant Ohio Edison Company (the 'premises
defendant') was unsafe due to a latent hazardous condition,
transportable respirable asbestos fibers, which defendant knew or
should have known existed on the premises." (Pl.'s Compl. ¶ 27.)

"occupation of land with intent to control it." See Restatement (Second) of Torts, § 328E (quoted in Rudy v. A-Best Products Co., 870 A.2d 330, 333 (Pa. Super. 2005)). At the summary judgment stage, the burden is on plaintiff to produce evidence of possession. If the plaintiff fails to point to evidence raising a genuine issue of material fact as to possession, judgment should be entered for Defendant. See Fed. R. Civ. P. 56(1); Cf. Rudy, 870 A.3d at 334 n.4 (holding that, under Pennsylvania law, "failure to present competent evidence of [possession] entitles defendant to summary judgment.").

In the instant case, Plaintiff relies on only three pieces of evidence to classify Defendant as a possessor. First, they point to a consent decree filed in U.S. v. Ohio Edison Co. and Pennsylvania Power Co., 2:99-CV-1181, (S.D. Ohio 2005) outlining updates in equipment necessary to reduce environmental impact that Ohio Edison was responsible for effectuating at numerous power plants, including Bruce Mansfield. (Pl.'s Exhibit F.) Second, Plaintiffs point to a document from John Cooper & Associates, P.A., indicating that "Ohio Edison requested the development of an upgrade modification for Units 1 & 2 in October 1996." (Id.; Pl.'s Exhibit G at 3.) Finally, David Freed testified that Ohio Edison might have been directing the work to be performed for Foster Wheeler during the time frame in question. (Freed Dep. at 26:22.)

Even when viewed in a light most favorable to Plaintiff, the record is insufficient to raise a genuine issue of material fact as to whether Ohio Edison owned and operated Bruce Mansfield during the time frame in question (1974-1988). First, the consent decree is from an Environmental Protection Agency action commenced about five years ago, and discusses numerous power plant locations. Similarly, Defendant's request for an upgrade from John Cooper & Associates in 1996 does not indicate anything about Defendant's control of Bruce Mansfield from 1974-1988.

Finally, Defendant asserts that Pennsylvania Power Company ("Penn Power") was likely the operator of Bruce Mansfield during the relevant time frame. (Def.'s Br. at 7.) Indeed, Mr. Freed's deposition stated that "he was not sure" whether Penn Power or Ohio Edison operated the plant when he worked there. (Freed Dep. at 32:8.) He stated that "[a]ll the orders, the jobs and whatever came from either Ohio Edison or whoever was there down to Foster Wheeler." (Freed Dep. at 26:22) (emphasis added).

On the issue of possession, Plaintiff has failed to raise a genuine issue of material fact as to Ohio Edison's control of Bruce Mansfield during 1974-1988. The record does not raise a genuine issue of material fact as to whether Defendant "occup[ied] with the intent to control" Bruce Mansfield during the relevant time frame.

As there is insufficient evidence to raise a genuine issue

9

of material fact under Fed. R. Civ. P. 56 as to whether Ohio Edison was in possession of Bruce Mansfield during the relevant time frame, the "superior knowledge" and "peculiar risk" exceptions to a possessor's non-liability need not be addressed.


IV.  CONCLUSION

For the foregoing reasons, Defendant Ohio Edison's Motion for Summary Judgment is granted.  An appropriate order follows.